UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 2:17-cv-14441

| | |
|---|---|
| WMD GUNS, LLC<br>a Florida Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>ROCK RIVER ARMS, INC.<br><br>an Illinois corporation,<br><br>Defendants. | **JURY TRIAL REQUESTED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**

Plaintiff WMD Guns, LLC (hereinafter "WMD"), by and through its undersigned attorneys, brings this action against Defendant Rock River Arms, Inc. (hereinafter "Defendant" or "RRA") for trademark infringement, unfair competition and false designation of origin under the Lanham Act 15 U.S.C. § 1051 *et. seq.*, unfair competition under Florida common law, Florida common law trademark infringement, and deceptive and unfair trade practices under Fla. Stat. § 501.204.

**NATURE OF ACTION**

1. This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. § 1051 *et. seq.* ("Lanham Act"), particularly for (a) trademark infringement, 15 U.S.C. § 1114, 1116, 1117 and (b) unfair competition and false designation of origin, 15 U.S.C. § 1125(a).

Plaintiff also claims relief under Florida's common law and/or statutes for unfair competition, trademark infringement, and violations of the State of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.204.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over WMD's claims under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 (a) and (b) because these claims arise under federal statutes, namely, 15 U.S.C. §§ 1114, 1116, 1117, and 1125(a). Furthermore, this Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367(a) because these claims arise from the same case and controversy, transactions and occurrences, and derive from a common nucleus of operative facts. The amount in controversy exceeds $75,000, exclusive of interest and costs.

3. This Court has personal jurisdiction over Defendant under Florida law, including Florida's long-arm statute. Fla. Stat. § 48.193 (1)(a)1. and 2. because, as further alleged below: (a) Defendant conducts business, namely, rendering and/or offering to render products or services, including those central to the allegations of this lawsuit, within the State of Florida and in this judicial district; and (b) Defendant has committed tortious acts within the State of Florida and in this judicial district.

4. Alternatively, this Court has personal jurisdiction over Defendant under Florida law, including Florida's long-arm statute. Fla. Stat. § 48.193 (1)(a)(2) because, as further alleged below, Defendant is engaged in substantial and not isolated activity within the State of Florida.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) because: (a) a substantial part of the acts complained of herein occurred in this judicial district; (b) the injuries

from the Defendant's actions are felt in this judicial district; and (c) the Defendant is subject to personal jurisdiction in this judicial district.

## THE PARTIES

6.WMD is a limited liability company organized under the laws of the State of Florida, with its principal place of business at 3070 SE Dominica Terrace in Stuart, Florida 34997.

8.Upon information and belief, Defendant RRA is a corporation organized under the laws of the State of Illinois, with its principal place of business at 1042 Cleveland Road in Colona, Illinois 61241.

## FACTUAL BACKGROUND

### *WMD's Rights*

9.WMD is in the business of marketing, offering to sell, and selling firearms, firearm accessories, and material treatment services for firearms and firearm accessories throughout the United States. The goods and services include those set forth within its various trademark registrations and applications, some of which are detailed below.

10.WMD is the owner of Federal Trademarks ("BEAST Trademarks") used in association with *firearms, namely, rifles* in International Class 013, which are registered with the U.S. Patent and Trademark Office ("USPTO"). The BEAST Trademarks include:

| MARK | REG. NO. |
|---|---|
| BEAST | 4,927,326 |
| BEAST & Design | 4,927,433 |

U.S. Trademark Registration No. 4,927,326 for BEAST has an effective filing date of August 20, 2015. U.S. Trademark Registration No. 4,927,433 for BEAST & Design has an effective filing

date of August 21, 2015. True and correct printouts of Federal registration records for these BEAST Trademarks are attached as Exhibit A.

11.     WMD has used the BEAST Trademarks at least as early as May 2012 and in US commerce at least as early as December 2012.  WMD has continuously used the BEAST Trademarks in Florida and across the United States.

12.     The BEAST Trademarks are in full force and effect, unrevoked, subsisting, and have never been abandoned.

13.     WMD has accrued common law rights throughout the United States to it marks BEAST and BEAST & Design through use in association with *firearms, namely, rifles*.

14.     Through WMD's use of the BEAST Trademarks and by virtue of WMD's registration of the BEAST Trademarks in connection with *firearms, namely, rifles*, WMD has acquired valuable common law and statutory rights and goodwill in and to the BEAST Trademarks.

15.     WMD's firearms are well known and of superior quality. The BEAST Trademarks indicate the origin of its goods.  Consumers rely upon the BEAST Trademarks as symbols and assurance of the origin and quality of WMD's goods. WMD has extensively sold its goods under the BEAST Trademarks in the State of Florida and throughout the United States.

16.     WMD has established and maintained high quality standards for the firearms offered under the BEAST Trademarks in the United States and has received numerous recognitions for its firearms.

17.      By virtue of the notoriety and recognition of the Federally-registered BEAST Trademarks and the wide geographic distribution and extensive sale of firearms bearing the BEAST Trademarks, WMD's Federally-registered trademarks have developed secondary meaning

and significance in the minds of the purchasing public. Goods that bear the BEAST Trademarks are immediately associated with WMD by the purchasing public and members of the trade.

18. The BEAST Trademarks are distinctive, have been used throughout Florida and the United States, and are well known to members of the trade and the purchasing public. The public generally associates and identifies the BEAST Trademarks with WMD's excellent reputation and high quality of goods.

19. WMD has invested significant resources to establish the BEAST Trademarks and to establish its reputation in Florida and throughout the United States. WMD intends to preserve and maintain its rights to its Federally-registered Trademarks and to continue to use the BEAST Trademarks for the manufacture, sale, and merchandising of authorized goods, including *firearms, namely, rifles*.

20. WMD has advertised its firearms bearing the BEAST Trademarks widely to the purchasing public and to the trade throughout the United States by all means and all types of media including without limitation, magazines, trade publications, trade shows, marketing brochures, and websites long prior to the Defendant's acts identified and alleged in this Complaint.

21. The products sold under the BEAST Trademarks, by reason of their high-quality craftsmanship, have come to be known to the purchasing public and members of the trade throughout the United States as representing products of the highest quality, which are sold under the highest standard of manufacture, marketing, goods merchandising, and service. As a result, the BEAST Trademarks and associated goodwill are of tremendous value to WMD.

22. WMD has never consented, authorized, licensed, or otherwise allowed Defendant to use the BEAST Trademarks.

### *Defendant's Infringement*

23. Upon information and belief, Defendant is engaged in the business of marketing, offering to sell, and selling firearms and firearm accessories in this jurisdiction and throughout the United States.

24. Upon information and belief, Defendant has engaged in and continues to engage in the promotion, advertising, manufacture, marketing, selling, and offering for sale of firearms, namely, rifles under the mark BEAST (hereinafter "the Infringing Mark") that infringes, misrepresents, and is identical and/or confusingly similar to the BEAST Trademarks. Defendant does so in this State and district and throughout the United States.

25. WMD's dates of first use for the BEAST Trademarks in association with *firearms, namely, rifles* precede the earliest date Defendant can possibly claim as its date of first use for the Infringing Mark. Upon information and belief, Defendant's date of first use of the Infringing Mark is October 2013, which Defendant declared to the USPTO in Defendant's abandoned U.S. Trademark Application No. 86/252,818 (hereinafter "Defendant's abandoned '818 Application") for BEAST used in association with firearms, namely, rifles and parts for rifles. Defendant's abandoned '818 Application was refused registration based on likelihood of confusion. A copy of the Notice of Abandonment issued by the USPTO for Defendant's abandoned '818 Application is attached hereto and incorporated herein as Exhibit B.

26. Upon information and belief, Defendant also has used and continues to use the Infringing Mark on webpages operating from a website at the domain <www.rockriverarms.com>. See attached screenshot from the website attached hereto and incorporated herein as Exhibit C.

27. The domain <www.rockriverarms.com> was registered on January 18, 1999 per the attached copy of the WhoIs report for the <www.rockriverarms.com> domain attached hereto and incorporated herein as Exhibit D.

28. Upon information and belief, Defendant also has advertised and continues to advertise under the Infringing Mark through print advertisements in magazines such as On Target fall 2016 magazine. A true and correct copy the print advertisement is attached hereto and incorporated herein as Exhibit E.

29. Upon information and belief, Defendant currently manufactures, markets, and/or sells, in the same or similar channels of trade, firearms using the Infringing Mark that is identical and/or confusingly similar to the BEAST Trademarks for identical and/or similar goods to those offered by WMD.

30. Upon information and belief, Defendant is knowingly, intentionally, and willfully infringing upon the BEAST Trademarks and WMD's exclusive right to use the BEAST Trademarks in United States commerce in association with *firearms, namely, rifles*.

31. Upon information and belief, Defendant is alleging that the infringing goods are of the same quality as those of WMD. Defendant promotes the goods using the Infringing Mark that is identical and/or confusingly similar to the BEAST Trademarks for identical and/or similar goods to those offered by WMD. Continued sales of Defendant's goods will damage and impinge upon and threaten the goodwill that WMD has built up over a long period of time for the sale of quality firearms. WMD has no way of ensuring the quality of Defendant's goods. WMD has been and will continue to be irreparably harmed unless the Defendant is enjoined from the continued sale of those goods.

32. Upon information and belief, after WMD's adoption and use of the BEAST Trademarks, Defendant commenced the development, promotion, advertising, manufacture, distribution, offering for sale, or sale in US commerce of firearms using the Infringing Mark that is identical and/or confusingly similar to the BEAST Trademarks for identical and/or similar goods to those offered by WMD.

33. Upon information and belief, Defendant's use of the Infringing Mark has either caused, or is likely to cause confusion, mistake, and/or deception amongst actual and potential consumers as to the source of the goods and services within the meaning of § 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), all to the detriment of WMD.

34. Given the same or similar channels of trade, consumers are likely to come across Defendant's goods and are likely to be confused by Defendant's use of the Infringing Mark having a same appearance and sound to the BEAST Trademarks. Consumers will thus naturally wonder whether there is some affiliation or relationship between Defendant's and WMD's businesses, particularly because they both sell firearms, namely, rifles through the same or similar channels of trade.

35. Defendant's conduct in the manufacture, distribution, advertising, sale, offering for sale, or other use of firearms promoted using the Infringing Mark constitutes false designation of origin or false sponsorship of the products and tends to falsely represent that Defendant's products originate from WMD or that Defendant's use of the BEAST Trademarks has been sponsored, approved, or licensed by WMD or are in some way affiliated or connected with WMD.

36. Defendant's conduct is likely to confuse, mislead, and deceive WMD's customers, purchasers, and members of the public and of the trade, as to the origin of the Defendant's goods or cause the public to believe that Defendant's use of the BEAST Trademarks have been

sponsored, approved, authorized, or licensed by WMD or in some way are affiliated or connected with WMD, all in violation of Section 43(a) of the Lanham Act or 15 U.S.C. § 1125(a).

37. Upon information and belief, the continued use of the Infringing Marks is likely to cause confusion, mistake, and/or deception among United States consumers in the marketplace.

38. In view of the foregoing, WMD has been damaged and will continue to be damaged by virtue of Defendant's continued use of the Infringing Mark.

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

39. WMD hereby incorporates by reference the allegations asserted in preceding paragraph numbers 1-38 as if fully set forth herein.

40. The BEAST Trademarks are distinctive and have acquired secondary meaning in the minds of the consuming public.

41. WMD's rights in its marks have priority over Defendant's use of the Infringing Mark by virtue of WMD's continuous and extensive use of the BEAST Trademarks in US commerce that predate Defendant's us of the Infringing Mark.

42. For the reasons set forth herein, WMD's prior rights in the BEAST Trademarks entitle it to exclusive use thereof.

43. Without the authorization or consent of WMD, Defendant has used and is using a trademark that is identical, confusingly similar to, a reproduction, copy, or colorable imitation of WMD's registered BEAST® trademarks. Furthermore, Defendant, by and through its Infringing Mark, sells, offers for sale, distributes and/or advertises goods and services to the general United States public in competition with WMD's sale, distribution, and advertisement of firearms, namely, rifles under and through the BEAST® trademarks.

44. Defendant's use of a trademark that is identical, confusingly similar to, a reproduction, copy, or colorable imitation of WMD's registered BEAST® trademarks, and in connection with competing goods, has caused and is likely to continue causing consumer confusion, mistake, and/or deception in the relevant markets as to the origin of the goods, and/or as to whether Defendant is sponsored by or affiliated with, or otherwise connected to WMD, in violation of Section 32(1) of the Lanham Act, as amended, 15 U.S.C. § 1114(1).

45. By using a trademark that is identical, confusingly similar to, a reproduction, copy, or colorable imitation of WMD's registered BEAST® trademarks, and by selling, offering for sale, distributing, and/or advertising goods to the general public in connection with said trademark or confusingly similar variants thereof, for profit without WMD's authorization, Defendant is depriving WMD of its exclusive right to control, use, and otherwise benefit from its registered trademarks. If permitted to continue, Defendant's actions will nullify WMD's right to exclusive use of its registered trademarks, free from infringement, and will have substantial and adverse effect on WMD's existing and projected future interstate business of promoting and selling goods identified by WMD's BEAST® trademarks.

46. As a result of Defendant's infringing conduct, WMD has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by WMD under its federally registered BEAST® trademarks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which WMD has no adequate remedy at law. WMD will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

47. By using, without WMD's authorization, a trademark that is identical, confusingly similar to, a reproduction, copy, or colorable imitation of WMD's registered

BEAST® trademarks, and by selling, offering for sale, distributing, and/or advertising goods to the general public in connection with the Infringing Mark, Defendant has intentionally and knowingly infringed WMD's rights, thus making this an exceptional case under 15 U.S.C. § 1117(a).

48.     Defendant's conduct has caused, and, if not enjoined, will continue to cause, irreparable harm and damage to the rights of WMD in its Federally-registered trademarks, business, reputation, and goodwill.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

49.     WMD hereby incorporates by reference the allegations asserted in preceding paragraph numbers 1-38 as if fully set forth herein.

50.     Defendant's unauthorized use of a trademark that is identical and/or confusingly similar to WMD's registered BEAST® trademarks in connection with identical and/or confusingly similar goods is likely to cause confusion, mistake, and/or deception among the general public as to the origin of the goods or as to whether Defendant is sponsored by, affiliated with, originated from, or otherwise connected with WMD, in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

51.     As a result of Defendant's infringing conduct, WMD has suffered substantial commercial and other damages, as well as the continuing loss of the goodwill and reputation established by WMD in its federally registered trademarks. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which WMD has no adequate remedy at law. WMD will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

52. By violating 15 U.S.C. § 1125(a) through the use of a trademark that is identical, confusingly similar to, a reproduction, copy, or colorable imitation of WMD's registered BEAST® trademarks in connection with the selling, offering for sale, distributing, and/or advertising goods to the general public under and through the Infringing Mark, Defendant has intentionally and knowingly infringed WMD's rights, thus making this an exceptional case under 15 U.S.C. § 1117(a).

53. Defendant's distribution, advertising, sale, offering for sale, or other use of goods promoted by the Infringing Mark in interstate commerce constitutes false designation of origin or sponsorship of WMD's products and falsely represents that Defendant's goods promoted by the Infringing Mark originate from WMD, or that Defendant and its goods promoted by the Infringing Mark are sponsored, associated, approved, or licensed by WMD or are affiliated or connected with WMD.

54. Defendant's activities and goods promoted by the Infringing Mark are likely to confuse, mislead, and deceive WMD's customers, purchasers, and members of the public and the trade, or to cause those persons to believe that Defendant's goods promoted by the Infringing Mark have been sponsored, approved, authorized, or licensed by WMD or are affiliated or connected with WMD, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. Upon information and belief, defendant has unfairly used the BEAST Trademarks or confusingly similar identifiers in interstate commerce by infringing and misappropriating the BEAST Trademarks, which is likely to, has, and will continue to confuse consumers.

56. Defendant's conduct has caused, and, if not enjoined, will continue to cause, irreparable harm and damage to the rights of WMD in its Federally-registered trademarks, business, reputation, and goodwill.

57. Defendant's misconduct has unjustly enriched Defendant and damaged WMD.

## COUNT III
## FLORIDA COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

58. WMD hereby incorporates by reference the allegations asserted in preceding paragraph numbers 1-38 as if fully set forth herein.

59. WMD owns and enjoys common law trademark rights in and to the BEAST Trademarks in the State of Florida. WMD engages in interstate activities designed to promote its goods, as well as the goodwill associated with its trademarks, in the State of Florida and throughout the United States.

60. WMD has used the BEAST Trademarks in the State of Florida as a source identifier and to establish goodwill and a reputation in association with its goods alleged herein. Furthermore, WMD has used the BEAST Trademarks in the State of Florida to describe, identify, or denominate its goods rendered or offered under its trademarks to distinguish from similar goods rendered or offered by others.

61. WMD's rights are superior to any rights alleged by Defendant in the BEAST Trademarks. WMD first adopted and used in Florida commerce the BEAST Trademarks in association with *firearms, namely, rifles* prior to any date of first use the Defendant can rely upon for its Infringing Mark.

62. The BEAST Trademarks have acquired special significance in Florida and throughout the United States relative to *firearms, namely, rifles* because the BEAST Trademarks are inherently distinctive or have acquired a secondary, special meaning as indicating, describing, identifying, or denominating WMD as the source of these goods.

63. The BEAST Trademarks have been, and will continue to be, known throughout the State of Florida and the United States as identifying and distinguishing WMD's business.

64. Without WMD's authorization or consent, Defendant has used and continues to use, before the general public in the State of Florida, a trademark or designation that is identical or confusingly similar to the BEAST Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of identical or confusingly similar goods in competition with WMD in the same or similar trade channels in which WMD has already established prior rights in the BEAST Trademarks.

65. Defendant's use of an identical and/or a confusingly similar trademark or designation to WMD's BEAST Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of identical or confusingly similar goods in the State of Florida has caused confusion and is likely to continue causing confusion, mistake, and deception among the general public as to the origin of Defendant's goods and/or as to sponsorship by, affiliation with, and/or connection to WMD to WMD's detriment.

66. Defendant has willfully, intentionally, and knowingly used a trademark or designation that is identical and/or confusingly similar to WMD's BEAST Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of identical or confusingly similar goods in the State of Florida.

67. By using a trademark or designation that is identical and/or confusingly similar to WMD's BEAST Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of identical or confusingly similar goods in the State of Florida, Defendant's actions will nullify WMD's right to the exclusive use of the BEAST Trademarks, free from

infringement, and will have a substantial and adverse effect on WMD's goodwill and business associated with its trademarks.

68. WMD has no adequate remedy at law.

69. Defendant's conduct has caused, and, if not enjoined, will continue to cause, irreparable harm and damage to WMD's rights in its Federally-registered trademarks, business, reputation, and goodwill.

## COUNT IV
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
## (FLA. STAT. §§501.201 TO 501.213)

70. WMD hereby incorporates by reference the allegations asserted in preceding paragraph numbers 1-38 as if fully set forth herein.

71. Defendant's use of the BEAST Trademarks in association with identical or confusingly similar goods in the State of Florida is likely to mislead and deceive Florida consumers within the meaning of Fla. Stat. § 501.204.

72. Defendant's unauthorized use of the BEAST Trademarks constitute unfair methods of competition, an unconscionable act or practice, and/or unfair or deceptive acts or practices in the conduct of trade or commerce within the meaning of Fla. Stat. § 501.204.

73. By using the BEAST Trademarks and confusingly similar designations, and by selling, offering for sale, distributing, and/or advertising competing goods to Florida consumers in association with the BEAST Trademarks, Defendant has intentionally and knowingly violated Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204.

74. WMD has been damaged directly and proximately by defendant's unlawful actions. Unless Defendant's conduct is enjoined, Florida consumers and WMD will continue to

suffer irreparable injury that cannot be adequately calculated or compensated by money damages.

75. WMD is entitled to recover actual damages, plus reasonable attorneys' fees and costs for defendants' violation of the Florida Deceptive and Unfair Trade Practices Act.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff WMD prays for judgment in its favor and respectfully requests that this Court:

a. Enter an order prohibiting and permanently enjoining Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant, from using the BEAST Trademarks and any confusingly similar marks or designations, and from continuing its unfair methods of competition and unfair and deceptive acts and practices, and requiring Defendant to immediately discontinue its current infringing practices, and requiring Defendant to immediately discontinue its current infringing practices;

b. Enter judgment in favor of WMD on each of the counts asserted herein and award WMD all damages caused by the acts forming the basis of this Complaint, including, without limitation, Defendant's profits and WMD's actual damages;

c. Award treble damages to WMD pursuant to 15 U.S.C. § 1117(b) due to Defendant's willful, knowing, and intentional infringement of the BEAST Trademarks;

d. Enter an order requiring Defendant to pay WMD the cost of this action and WMD's reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and Fla. Stat. § 501.2105.

  e. Enter an order requiring Defendant to destroy all products, items, articles, labels, signs, prints, packages, wrappers, receptacles, and print/online advertisements bearing the Infringing Mark or any other mark that is confusingly similar to WMD's mark pursuant to 15 U.S.C. § 1118;

  f. Enter an order requiring Defendant to remove listings of any infringing products from at least the website at the domain "rockriverarms.com" as well as through print advertisements in On Target magazine, among other advertising channels.

  g. Enter an order requiring Defendant to provide a post-judgment equitable accounting of damages for the period of infringement identified in this Complaint following the period of damages established at trial.

  h. Enter an order requiring Defendant to, within thirty (30) days after service of Judgment, file with this Court and serve upon WMD's undersigned counsel, a written report, under oath, setting forth in detail the manner in which defendant has complied with the Judgment.

  i. Enter an order requiring Defendant to compensate WMD for pre-judgment and post-judgment interest.

  j. Award WMD such further relief as the Court deems just, proper, and equitable.

## JURY DEMAND

Plaintiff WMD hereby demands trial by jury on all issues so triable, pursuant to Federal Rule of Civil Procedure 38.

*[signature on following page]*

Case No. 2:17-cv-14441

Dated:  December 18, 2017                    Respectfully submitted,

  **/s/ Sean L. Ingram**
Sean L. Ingram, Esq.
Florida Bar Number 50842
Ingram IP Law, P.A.
601 Heritage Drive #426
Jupiter, Florida 33458
(561) 571-2529 (Telephone)
*Attorney for Plaintiff, WMD*